*613 Petitioner, pro se,[1] seeks review of a decision of the Merit Systems Protection Board (MSPB) which ruled that the MSPB was without jurisdiction to hear petitioner’s appeal of his discharge from the United States Postal Service (USPS). The Government maintains that the determination of the MSPB was proper. We agree.
Petitioner held a competitive service position as a Plant Protection Aide, GS-4, with the Department of Agriculture (DOA) for some ten months, i.e., from April 23, 1978 until February 19, 1979. On February 20, 1979, petitioner, under a separation-transfer, began employment as a Distribution Machine Clerk, PS-5, with the USPS in Fort Lauderdale, Florida. He held that position until June 1,1979 whereupon he transferred to the same position at a Miami office of the USPS effective June 4, 1979. On August 31, 1979, after working a total of six months as a Distribution Machine Clerk, the USPS discharged petitioner for allegedly engaging in conduct unbecoming a Postal Service employee.
Petitioner then appealed his discharge, first to the field office and later to the regional office of the MSPB which held that, since the petitioner had not completed one year of continous service in the same or similar position, he was not an employee within the meaning of 5 U.S.C. § 7511(a)(1)(B).[2] Since only employees are entitled to appeal discharges,[3] the MSPB maintained that it was without jurisdiction to review petitioner’s claim.[4]
In making its determination the MSPB based its conclusion on a comparison between the duties of a Plant Protection Aide with the DOA and a Distribution Machine Clerk with the USPS. The Government persuasively agrues that MSPB comparison was properly made.
*614 Petitioner, nevertheless, insists that the MSPB wrongly held that the positions were dissimilar. He argues that the MSPB ought to have based its determination, not on a comparison of job descriptions, but on a comparison of line/staff relationships, and responsibilities. Because neither of the positions held by the plaintiff involved supervisory duties, he claims that his position as a Plant Protection Aide was similar to that of a Machine Distribution Clerk.
Petitioner asks this court to hold that MSPB erred, to find that petitioner is an employee within the meaning of the statute and to remand his case to the MSPB for hearing on the merits where petitioner seeks reinstatement and back pay.
Review by this court is governed by the provisions of 5 U.S.C. § 7703(c).[5] Under its provisions, the court will not overturn an MSPB decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Brewer v. United States, 227 Ct. Cl. 276, 279, 647 F.2d 1093, 1096 (1981), cert. denied, 454 U.S. 1144 (1982), citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 299 (1938).
The MSPB based its decision on job descriptions which certainly delineated different lines of work.[6] A Plant Protection Aide with the DOA in the instant case is described as a person having a primary responsibility to survey and control work in the eradication of black fly citrus infestation. Such persons work in the field with property owners and identify host plants for treatment. By contrast, a Machine Distribution Clerk with the USPS *615 operates a letter sorting machine at a specified rate of accuracy. We find the MSPB conclusion that these positions were dissimilar to be reasonable, based on substantial evidence, and without procedural error.
it is therefore ordered, upon consideration of briefs and submissions of the parties, without oral argument, that the decision of the MSPB is affirmed. The petition is dismissed.
Petitioner’s motion for rehearing was denied January 29, 1982.

 In signing his reply brief, Petitioner identifies himself as a member of the Bar of the State of Florida.

 Civil Service Reform Act of 1978, § 7511, 5 U.S.C. § 7511(a)(1)(B) (Supp. III 1979) reads in pertinent part:
(a) For the purpose of this subchapter—
(1) "employee” means—
(B) a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service or' the Postal Rate Commission, who has completed 1 year of current continous service in the same or similar positions. (Emphasis added.)

 5 U.S.C. 7703(a)(1) (Supp. III 1979).

 David P. Weinberger v. U.S. Postal Service, MSPB Docket No. AT075209074 (Dec. 1,1980).

 Civil Service Reform Act of 1978, § 7703, 5 U.S.C. § 7703(c) (Supp. III 1979) reads in pertinent part:
(c) In any case filed in the United States Court of Claims or a United States court of appeals, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence.

 The meaning of the statutory phrase "current continuous employment” as used in Civil Service regulations at the time the Reform Act was enacted was set forth in the Federal Personnel Manual Supplement 752-1, subchapter S 2-3a(3), as follows:
Current continuous employment in a position outside the competitive service may be either (i) employment in one position without a break of a working day or (ii) employment in more than one position in the same line of work without a break of a workday. (Emphasis added.)