NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3075

EARL T. BARNETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Earl T. Barnett, of Morgantown, West Virginia, pro se.

Bernard E. Doyle, Attorney-Advisor, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3075

EARL T. BARNETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH315H080391-I-1.

DECIDED:  August 7, 2009

Before SCHALL, PLAGER, and MOORE, Circuit Judges.

PER CURIAM.

DECISION

Earl T. Barnett petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction.  Barnett v. v. Dep't of Justice, No. PH-315H-08-0391-I-1 (Merit Sys. Prot. Bd. Oct. 7, 2008) ("Final Decision").  We affirm.

DISCUSSION

I.

In July of 1976, Mr. Barnett, who is a preference-eligible veteran, received a career-conditional appointment in the competitive service as a Cook Helper at the Federal Correctional Institution in Morgantown, West Virginia. In this position, Mr. Barnett was employed by the Bureau of Prisons, a component of the Department of Justice ("agency"). The appointment was subject to a one-year probationary period. In May of 1997, prior to the end of the probationary period, Mr. Barnett resigned from his position. On October 30, 1977, after approximately a five-month break in service, Mr. Barnett was reinstated to a career-conditional position, again as a Cook Helper. Subsequently, on March 12, 1978, the agency promoted Mr. Barnett to the position of Cook Foreman. Mr. Barnett resigned again, however, on August 19, 1978. Almost thirty years later, on April 15, 2008, he appealed to the Board, claiming that his August 19, 1978 resignation had been involuntary.

On July 18, 2008, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision, dismissing Mr. Barnett's appeal for lack of jurisdiction. Barnett v. Dep't of Justice, No. PH-315H-08-0391-I-1 (Merit Sys. Prot. Bd. July 18, 2008) ("Initial Decision"). The AJ found that, according to the regulations in effect at the time of Mr. Barnett's resignation, he was not an employee with appeal rights and that the Board thus did not have jurisdiction over his involuntary resignation claim. Id. slip op. at 4-6. Specifically, the AJ determined that, in order to establish Board jurisdiction, Mr. Barnett was required to show that, at the time of his resignation, he was not serving a probationary period or that he had completed one year of current

continuous service.  The AJ found that Mr. Barnett was still a probationary employee when he resigned and that he had not completed one year of current continuous service.  The AJ took into account the fact that Mr. Barnett had been promoted after the agency reinstated him and that his total service, including his service as a Cook Helper prior to his first resignation, equated to more than one year.  The AJ concluded, however, that being promoted, by itself, did not remove Mr. Barnett from probationary status and that his prior service could not be considered because it was completed more than thirty days before his subsequent reinstatement.  Id. at 6-8.  The AJ determined that, in view of Mr. Barnett's status, the Board could only exercise jurisdiction over his involuntary resignation claim in limited circumstances, which did not exist.  Id. at 8-9.  Finally, the AJ noted, but declined to address, the question of the timeliness of Mr. Barnett's appeal.  Id. at 11.  The Initial Decision became the final decision of the Board on October 7, 2008, when the Board denied Mr. Barnett's petition for review.  Final Decision.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).  "Whether the board had jurisdiction to adjudicate a case is a question of law, which we review de novo." Forest

v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). The petitioner bears the burden of establishing jurisdiction with the Board. McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002).

On appeal, Mr. Barnett contends that the Board erred in dismissing his appeal for lack of jurisdiction. He argues first that he was not a probationary employee when he resigned from his position as Cook Foreman in August 1978. According to Mr. Barnett, his status as a non-probationary employee is evidenced by a document confirming his reinstatement, which does not indicate that he was subject to completion of a one-year probationary period. As further evidence of his non-probationary status, he points to the fact that he was promoted to the position of Cook Foreman after he was reinstated. Second, Mr. Barnett argues that the Board incorrectly failed to consider his total service at the agency, including both the time spent as a Cook Helper prior to his first resignation and the time after his reinstatement. Mr. Barnett urges that, if the Board had considered his total service, it would have found that he had completed the requisite one-year probationary period and that he had one year of current continuous service, thus entitling him to appeal rights.

### III.

Because, at the time of his resignation, Mr. Barnett was not an employee with the right of appeal to the Board, we affirm the Board's decision dismissing his appeal.[1] When Mr. Barnett resigned from his position in August 1978, the pertinent regulations

---

[1] As pointed out by the government, the Board apparently addressed Mr. Barnett's employment status under the current statute, 5 U.S.C. § 7511(a)(1)(A), rather than the law in effect when he resigned. Although quite similar, there are minor differences between the law in place when Mr. Barnett resigned and present law. These differences do not impact this appeal, however. Thus, any error by the Board in this regard was harmless.

provided Board appeal rights to any career-conditional employee serving in a competitive position who was not serving a probationary period and to any employee serving in a competitive position who had completed one year of current continuous employment. See 5 C.F.R. § 752.201(a)(1) (1978) (emphasis added). At the time of his resignation, Mr. Barnett fit into neither category.

As the Board found, Mr. Barnett was still subject to a probationary period when he resigned in August 1978. First, it is undisputed that Mr. Barnett's initial service from July 1976 to May 1977 did not grant him appeal rights to the Board, as he did not complete the requisite one-year probationary period. Likewise, Mr. Barnett was still serving a probationary period when he again resigned after he was reinstated. While Mr. Barnett correctly notes that the document reinstating him did not indicate that he was subject to completion of a one-year probation period, it is important that this same document also specifies that he was reinstated pursuant to "REG 315.401"—i.e., 5 C.F.R. § 315.401. Significantly, employees reinstated under section 315.401 were still required to complete a probationary period unless the employee had completed the probationary period during the time of service that afforded the current basis for reinstatement—in this case, Mr. Barnett's first term of service from July 1976 to May 1977. See 5 C.F.R. § 315.801(a)(2) (1978). As mentioned above, however, Mr. Barnett completed neither the required one-year probationary period during his first term of service nor a one-year probationary period after his reinstatement. Moreover, the fact that the agency promoted Mr. Barnett to the position of Cook Foreman did not relieve him from completing the necessary one-year probationary period during his second term of service or otherwise vest him with appeal rights to the Board. See 5 C.F.R. §

315.801(b)(2) (1978) (requiring a person who is promoted, before completing a probationary period, "to complete the probationary period in the new position").

Contrary to Mr. Barnett's suggestion, even though his total employment in Morgantown equaled approximately seventeen months, his two terms of employment cannot be considered in concert for purposes of fulfilling the one-year probationary period—i.e., the first term of service cannot be "tacked" onto his second term. Rather, his prior service in a competitive service position can be credited, i.e., "tacked," towards the completion of a later probationary period only if the prior service was completed with no more than one break in service of less than thirty calendar days. See 5 C.F.R. § 315.802(b) (1978); Appeal of Cordington, 1 M.S.P.R. 335, 337 (1979) (noting that, under 5 C.F.R. § 315.802(b) which was in force when Mr. Barnett resigned, prior service could only be credited toward completion of a probationary period if "there was no more than one break of less than 30 days"), vacated as moot, Cordington v. Dep't of Justice, 1 M.S.P.R. 333 (1980); see also Ellefson v. Dep't of the Army, 98 M.S.P.R. 191, 198 (2005) (acknowledging the same requirement under current regulations). Mr. Barnett's break in service, however, was approximately five months and, therefore, his prior service from July 1976 to May 1977 cannot be counted towards completion of the probationary period required after his reinstatement. Similarly, Mr. Barnett's five month break in service precludes a finding that he had "completed one year of current continuous employment"—the second category of 5 C.F.R. § 752.201(a)(1). See Weinberger v. United States, 229 Ct. Cl. 612, 615 n.6 (1981) (acknowledging that, under the regulations in effect at the time of Mr. Barnett's resignation, "current continuous employment" required employment "without a break of a working day").

Accordingly, Mr. Barnett did not meet the requirements of 5 C.F.R. § 752.201(a)(1) when he resigned in August 1978 and, therefore, he only has appeal rights to the Board in limited circumstances. Because, however, his alleged involuntary resignation claims do not fall within these limited circumstance, the Board correctly determined that it lacked jurisdiction over his appeal.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.